**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JOSEPH LARMONT JEFFERY,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 14-CR-20427
CIVIL CASE NO. 16-CV-11417

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION FOR RELIEF,
MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE, AND
MOTION TO AMEND MOTION TO VACATE SENTENCE**
(Docs. 213, 219, 245)

**I.     RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motions (Docs. 213, 219, 245) be **DENIED**; and that the civil case be **DISMISSED**.

**II.    REPORT**

    **A.     Introduction**

On January 29, 2015, Petitioner pleaded guilty to Count 12 of the Indictment charging him with possession with distribution of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). (Docs. 13, 127, 157.) On May 19, 2015, judgment was entered and Petitioner was sentenced to 140 months incarceration. (Doc. 157.) Petitioner did not file an appeal. On March 28, 2016, Petitioner filed a motion for relief and on April 19, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Docs. 213, 219.) On September 26, 2016, Petitioner filed a motion to amend his motion to vacate sentence. (Doc. 245.)

The government responded to Petitioner's motion to vacate sentence. (Doc. 230.) All the motions have been referred to the undersigned. (Docs. 221, 246.) Therefore, these motions are ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

> **B.** **Analysis and Conclusion**

> **1.** **Standard**

In order to prevail on a motion brought under 42 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688.

"Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

### 2. Application and Analysis

Despite the several pending motions, each one references the same main issue: the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docs. 213, 219, 245.) In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, *i.e.*, the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

The Sixth Circuit has held that since the United States Sentencing Guidelines ("USSG") § 4B1.1 (career offender enhancement) also has a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). In the next logical step, the Sixth Circuit also held that *Johnson* is equally applicable to the Immigration and Nationality Act's (INA's) residual definition of crime of violence. 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16(b); *Shuti v. Lynch*, 828 F.3d 440 (6th Cir. 2016).

The United States Supreme Court has granted certiorari in a case which will answer at least two questions: (1) whether the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) applies to the residual clause of the career offender guidelines rendering the clause unconstitutionally vague, and if so, (2) whether the determination of unconstitutionality should apply retroactively on collateral review. The Sixth Circuit recognizes that the United States Supreme Court in *Beckles*

may disagree with its decision in *Pawlak*; thus, the Sixth Circuit has instructed district courts, on remand, to hold the §2255 motions in abeyance pending a decision in *Beckles. See, e.g., In re Embry*, No. 16-5447, 2016 WL 4056056 (6th Cir. July 29, 2016); *In re Patrick*, No. 16-5353, 2016 WL 425492 (6th Cir. Aug. 12, 2016).

However, none of these enfolding sea-changes are of any value to Petitioner: He was sentenced as a career offender under § 4B1.1, because he had two prior controlled substance convictions, not because he had committed a prior crime of violence under the residual clause as defined in § 4B1.2(a). (Doc. 127 at ID 801, 803.) Therefore, *Johnson* and its progeny provide no avenue for sentencing relief for Petitioner.

Petitioner's other arguments, that counsel was ineffective for not recommending he appeal, for not challenging the career offender enhancement, and for not challenging "disparity" or severance" (Doc. 219 at ID 1192-1204) also lack merit. Counsel could not have been ineffective for failing to raise a *Johnson* challenge to the career offender enhancement when *Johnson* does not apply to his case, i.e., counsel is not ineffective for failing to raise meritless issues. In addition, the sentence Petitioner received was well below the guideline range of 151 to 181 months, and Petitioner waived his right to appeal if the sentence did not exceed 181 months. (Doc. 127.)

Petitioner's final complaint, that he states without explanation, is that his counsel "didn't challenge career offender, disparity, nor severance." (Doc. 219 at ID 1199.) Although the career offender issue was developed in other portions of the motion and in the other motions filed, the problems of "disparity" and "severance" are not. Since Petitioner pleaded guilty, severance in the trial context is not a potential issue and the court cannot conceive of any other type of severance issue. Nor is it clear how disparity could be an issue since, if Petitioner is referring to disparity

5

among his co-defendants, he received a sentence below the applicable guidelines. Thus, it is hard to conceive of any complaint based on his sentence. Accordingly, these assertions do not show how counsel was ineffective and do not justify relief.

I therefore suggest that Petitioner's motions be denied.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same

order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 25, 2016                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge


## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Joseph Larmont Jeffery #50227039 at Estill Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 699, Estill, SC 29918.

Date: October 25, 2016                     By s/Kristen Castaneda
                                           Case Manager

7