UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                            Case No. 14-cr-20427-01

v.                                                            Honorable Thomas L. Ludington

JOSEPH LARMONT JEFFERY,

    Defendant-Petitioner.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTIONS TO VACATE AND FOR APPOINTMENT OF COUNSEL, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS**

On May 19, 2015, Defendant-Petitioner Joseph Larmont Jeffrey was sentenced to 140 months of incarceration for distributing cocaine base and aiding and abetting the same. ECF No. 157. Jeffrey did not appeal. On March 28, 2016, Jeffrey filed a motion for relief. ECF No. 213. Later, Jeffrey clarified that he was requesting relief under 28 U.S.C. § 2255. ECF No. 219. Jeffrey subsequently filed a motion to amend his motion to vacate his sentence. ECF No. 245. Each of these motions were referred to Magistrate Judge Patricia T. Morris. ECF Nos. 221, 246.

On October 25, 2016, Judge Morris issued a report recommending that Jeffrey's motions be denied and the civil case dismissed. ECF No. 247. Jeffrey then filed a letter which contains two objections. First, Jeffrey argues that subsequent case law developments impact his claims. Specifically, Jeffrey references *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016).[1] In *Hinkle*, the Fifth Circuit extended the Supreme

---

[1] *Hill* involved the Sixth Circuit's analysis of whether a petitioner may bring a challenge to a conviction via 28 U.S.C. § 2241 when the petitioner has already previously filed a motion for relief under § 2255. Here, Jeffrey's

Court's rationale in *Mathis v. United States*, 136 S. Ct. 2243 (2016), to predicate drug offenses under the Career Offender Guidelines. Second, Jeffrey objects that he did not have two prior controlled substance convictions because he was only arrested once, on the same day. He argues that the single investigation and arrest should correspond to only one predicate drug charge, not two.

On December 12, 2016, the Court ordered the Government to respond to Jeffrey's letter. The Government's first response addressed only one of Jeffrey's arguments, so the Court directed a supplemental response. ECF No. 256. On December 16, 2016, Jeffrey filed a motion for appointment of counsel. For the reasons stated below, Jeffrey's objections will be overruled, the report and recommendation will be adopted, and his motions to vacate his sentence and motion for appointment of counsel will be denied.

**I.**

In his motions to vacate, Jeffrey challenges his categorization as a career offender and argued that his counsel was ineffective. Judge Morris found that there was no merit to either argument. In his objections, Jeffrey does not challenge Judge Morris's conclusion regarding his ineffective assistance of counsel claim. Rather, his objections focus on Judge Morris's analysis regarding his career offender status.

**A.**

Jeffery first argues that he is entitled to relief pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme

---

challenge is his first and thus no analysis of whether he is entitled to bring a second or successive challenge is necessary. The *Hill* Court also addressed the application of the career offender enhancement. *Id.* at 596–98. The focus in *Hill* was whether that enhancement can be challenged via a § 2241 motion. Jeffrey is not bringing a § 2241 motion, so *Hill* is not instructive. Jeffrey's challenge to his career offender enhancement is addressed separately below.

Court held that the Armed Career Criminal Act's (ACCA) residual clause (which defined a "violent felony" as including an offense that "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague and violative of due process. 18 U.S.C. § 924(e)(2)(B)(ii). However, Jeffrey was not sentenced under the residual clause. Rather, he was sentenced under § 4B1.2(a) of the sentencing guidelines, which provides for classification of a defendant as a career criminal if the defendant has two prior controlled substance convictions. Judge Morris rested her analysis on this distinction, but Jeffrey appears to be making a different argument.

In *Mathis*, the Supreme Court outlined the process by which district courts should determine if a defendant's prior conviction is one of the enumerated violent felonies listed in § 924(e)(2)(B)(ii) (defining "violent felonies" as including "burglary, arson, or extortion"). 136 S. Ct. at 2243. Prior to *Mathis*, the Supreme Court required district courts to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. *Id.* at 2257. *See also Taylor v. United States*, 495 U.S. 575, 599 (1990). In *Mathis*, the Court reaffirmed that approach. As the Court explained: Because the inquiry focuses on the generic offense, the court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." *Mathis*, 136 S. Ct. at 2257.[2] If the elements of the state law crime are broader than the generic version of the enumerated federal offense, then the state law conviction cannot serve as a predicate for career offender status.

However, Supreme Court has distinguished between "elements" and "means." *Id.* at 2256. According to the Court, elements are things which must be charged to establish

---

[2] This is called the "categorical approach."

- 3 -

commission of an offense, while things which need not be charged are means. *Id.* Sometimes, a statute will "set out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct at 2281. If that is the case, then the sentencing court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* That alternative element is then compared to the generic offense to determine whether it can serve as qualified enumerated offense under the ACCA. *Id.*[3]

In *Mathis*, the Supreme Court addressed the scenario that arises when the statute lists "alternative *means* of fulfilling one (or more)" or the elements. 136 S. Ct. at 2253 (emphasis added). In that case, the sentencing court may not inquire into which of the different "means" of satisfying a certain element was present in the case before the court. *Id.* at 2256. In other words, the modified categorical approach applies to statutes with alternative elements, but does not apply to statutes with alternative means of satisfying a given element.

As Judge Morris noted in the report and recommendation, Jeffrey was not sentenced under the violent criminal provision of the ACCA. Rather, he was sentenced under the prior controlled substance convictions provision of the Sentencing Guidelines. Because of that important distinction, the *Mathis*, *Descamps*, and *Johnson* decisions are not directly applicable to Jeffrey.

In *Hinkle*, however, the Fifth Circuit applied the Supreme Court's reasoning in *Mathis* to the prior controlled substance convictions provision of the Sentencing Guidelines. 832 F.3d at 574. The Fifth Circuit recognized that *Mathis* dealt with the ACCA, but concluded that its reasoning regarding application of the categorical and modified categorical approaches was controlling even when determining whether the prior controlled substance convictions provision of the Sentencing Guidelines was applicable. *Id.* at 574–75. The *Hinkle* Court then concluded

---

[3] This is the "modified categorical approach."

that the "method used to deliver a controlled substance" was a means, not an element, of committing the Texas crime. For that reason, the categorical approach was applied, meaning that the generic federal crime for delivering a controlled substance was compared in scope to all potential means of "delivering" under the Texas statute. *Id.* at 575–76. As the Fifth Circuit held:

> The "delivery" element of Hinkle's crime of conviction criminalizes a "greater swath of conduct than the elements of the relevant [Guidelines] offense." This "mismatch of elements" means that Hinkle's conviction for the knowing delivery of heroin is not a controlled substance offense under the Guidelines. That prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision, which is § 4B1.1.

*Id.* at 576 (quoting *Mathis*, 136 S.Ct. at 2251).

**1.**

The Government argues that Jeffrey's motion under § 2255 should be dismissed as untimely. A motion seeking relief under § 2255 is untimely if it is not filed within a "1-year period of limitation. 28 U.S.C. § 2255(f). "That limitation period shall run from the latest of"

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (f)(1)–(4).

Jeffrey was sentenced on May 7, 2015. The Judgment was filed on the docket on May 19, 2015. Thus, Jeffrey's conviction became final for purposes of § 2255 on June 3, 2015. *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (explaining that a conviction becomes

final for § 2255 purposes ten days after entry of judgment if the conviction is not appealed to the Sixth Circuit); Fed. R. App. P. 4(b)(1)(A)(ii) (now providing fourteen days for filing a notice of appeal in a criminal case). However, Jeffrey's original motion for relief and his second motion, which clarified that he was seeking relief under § 2255, were filed on March 28, 2016, and April 21, 2016, respectively. Thus, Jeffrey is well within the limitation period of § 2255(f)(1) for filing a motion to vacate pursuant to § 2255. The Government's arguments that *Mathis* and *Hinkle* do not create a "newly recognized" right sufficient to start a new one-year period of limitations under § 2255(f)(3) are unavailing.

**2.**

Next, the Government argues that Jeffrey's prior drug convictions are valid predicate offenses under § 4B1.1 even when viewed through the analytical framework of *Hinkle* and *Mathis*. Jeffrey was convicted in state court of delivering or manufacturing marijuana in violation of Mich. Comp. L. § 333.7401(2)(d)(iii) and possessing less than twenty-five grams of a controlled substance in violation of Mich. Compl. L. § 333.7403(2)(a)(iv). *See* Information, ECF No. 253, Ex. A. Because both of those provisions in the statute carry different punishments, they are alternative elements and the modified categorical approach is applied. *See Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then . . . they must be elements."). Thus, the comparison to the generic federal offense focuses on whether these elements are broader than the generic federal offense. They are not. *Compare* U.S.S.G. 4B1.2 ("The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to

- 6 -

manufacture, import, export, distribute, or dispense.") *with* § 333.7401(1) ("[A] person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance."), *and* § 333.7403(1) ("A person shall not knowingly or intentionally possess a controlled substance.").

The *Hinkle* decision rested on the differences between the definition of "delivery" in the Texas statute compared to the generic federal definition. Here, however, the definitions of "delivery" are materially identical. The Michigan statute defines "delivery" as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." Mich. Comp. L. § 333.7105(1). Federal law defines "delivery" as "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." 21 U.S.C. § 802(8). Because Jeffrey's state crimes of conviction are "the same as, or narrower than, the relevant generic offense," they were properly used as predicate offenses for the purposes of characterizing Jeffrey as a career offender under § 4B1.1 of the Sentencing Guidelines. *Mathis*, 136 S. Ct. at 2257.

**B.**

In his second objection, Jeffrey argues that two of his prior drug convictions stemmed from the same investigation and arrest and thus he "should have only been charged once." Objs. at 2, ECF No. 248. Jeffrey is not entitled to relief upon this argument.

Even assuming that Jeffrey is correct and two of his convictions should have been counted as only one predicate drug offense, the plea agreement which Jeffrey signed lists three predicate drug offenses. *See* Plea Agreement, ECF No. 127, Worksheet C. Although Jeffrey was only sentenced to 49 days in jail for that offense, the underlying charge carried a possible sentence of up to eight years. *See* Information, ECF No. 253, Ex. A. *See also* § 4B1.2 ("The term

'controlled substance offense' means an offense under federal or state law, *punishable by imprisonment for a term exceeding one year*.") (emphasis added). Thus, Jeffrey had at least two prior predicate drug convictions which were sufficient to justify his classification as a career offender.

## II.

For the reasons stated above, Jeffrey's two objections will be overruled. The only remaining question is whether Jeffrey is entitled to relief on the motion for appointment of counsel he filed on December 16, 2016. ECF No. 254. In the motion, Jeffrey requests counsel because he is seeking relief based on *Hinkle* and because he wishes an attorney to "review his case(s) and past Presentence Investigation Report." *Id.* at 1.

There is no general right to counsel for prisoners "mounting collateral attacks upon their conviction." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). If a petitioner is entitled to an evidentiary hearing, then the petitioner is also entitled to counsel. *Gomez v. United States*, No. 1:06-CR-30, 2010 WL 1609412, at *1 (E.D. Tenn. Apr. 20, 2010). Otherwise, appointment of counsel in habeas cases is appropriate only if the case is so difficult that the defendant could obtain justice on his own and there is a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Here, Jeffrey's objections will be overruled. He is not entitled to relief based on *Hinkle* or related precedent. Likewise, the Court has independently reviewed Jeffrey's concerns about his qualification for career offender status and found that it was appropriately imposed. In short, the motions and records conclusively show that Jeffrey is not entitled to relief. As such, there is no need to hold an evidentiary hearing and Jeffrey is not entitled to appointed counsel.

## III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IV.**

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 247, is **ADOPTED.**

It is further **ORDERED** that Petitioner Jeffrey's objections, ECF No. 248, are **OVERRULED.**

- 10 -

It is further **ORDERED** that Petitioner Jeffrey's motion for relief, motion to vacate, and motion to amend, ECF Nos. 213, 219, and 245, are **DENIED.**

It is further **ORDERED** that Petitioner Jeffrey's motion for appointment of counsel, ECF No. 254, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: February 28, 2017                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2017.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager