UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH LARMONT JEFFERY,

        Petitioner,                              Case No. 14-cr-20427-01

v.                                                Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER DENYING MOTION TO REOPEN JUDGMENT AND DENYING MOTION TO AMEND PRESENTENCE REPORT**

On May 19, 2015, Defendant-Petitioner Joseph Larmont Jeffrey was sentenced to 140 months of incarceration for distributing cocaine base and aiding and abetting the same. ECF No. 157. Jeffrey did not appeal. On March 28, 2016, Jeffrey filed a motion for relief. ECF No. 213. Later, Jeffrey clarified that he was requesting relief under 28 U.S.C. § 2255. ECF No. 219. Jeffrey subsequently filed a motion to amend his motion to vacate his sentence. ECF No. 245. Each of these motions were referred to Magistrate Judge Patricia T. Morris. ECF Nos. 221, 246.

On October 25, 2016, Judge Morris issued a report recommending that Jeffrey's motions be denied and the civil case dismissed. ECF No. 247. That report and recommendation was adopted over Jeffrey's objections on February 28, 2017. ECF No. 265. On October 19, 2017, Jeffrey filed a motion to correct a clerical error in his presentence report. ECF No. 277. On December 6, 2017, Jeffrey also filed a motion to reopen the judgment denying his petition for habeas relief. For the following reasons, both motions will be denied.

**I.**

Jeffrey's motion to reopen the judgment seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), and (6). Rule 60(b) authorizes the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including "mistake, inadvertence, surprise, or excusable neglect," and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(6) is a catchall provision that authorizes the Court to provide relief for "any other reason that justifies relief."

Jeffrey argues that the judgment should be reopened (thus providing a new period to appeal) because he missed the prior deadline to appeal because of "mental problems/[i]mpediments." Mot. Reopen at 3, ECF No. 278. The Sixth Circuit has approved use of Rule 60(b) to reopen the appeal period. *See Tanner v. Yukins*, 776 F.3d 434, 441 (6th Cir. 2015) ("Rule 60(b) is an appropriate means of considering equitable interests when a notice of appeal is filed late for reasons other than lack of notice.").

Jeffrey indicates that he received the Court's February 28, 2017, judgment on or about May 18, 2017, when his family gave him a copy of the order and judgment. Mot. Reopen at 3. He further explains his delay in seeking a new appeal period by offering the following explanation: "Petitioner suffers from learning disabilities and he was relying on another inmate, who was apparently incompetent and negligent because, among other things, the other inmate should have immediately moved the Court" to reopen the appeal. *Id.* at 4.

These explanations do not identify any newly discovered evidence which would have impacted the underlying legal analysis. Likewise, Jeffrey has not identified excusable neglect. If Jeffrey relies on family members and fellow inmates to apprise him of the status of his petition, he does so at his own risk. Jeffrey was mailed a copy of the order and judgment, and has not indicated

why that service was ineffective. And, regardless, Jeffrey admits that he had notice of the Court's denial of his motion to vacate on May 18, 2017. Jeffrey has not provided a justification for the seven month delay in seeking relief from that judgment. Even if Jeffrey was relying upon another inmate to prepare and file his legal filings, he bears the ultimate responsibility for motions and briefs filed under his own name and on his behalf. In fact, the unauthorized practice of law (which includes preparation of documents on behalf of another person) is prohibited by Michigan law. *See* M.C.L. 600.916.

More importantly, the substantive legal arguments which Jeffrey makes in his motion do not identify an error in the Court's prior rationale. In the February 27, 2017, order, the Court concluded that any appeal would be frivolous. A brief discussion of Jeffrey's present arguments will demonstrate that Jeffrey has once against failed to make a substantial showing of the denial of a constitutional right.

**A.**

First, Jeffrey challenges the Court's prior conclusion that the definitions of "delivery" under both federal law and Michigan law are coterminous. *See* Feb. 27, 2017, Order at 7.[1] Jeffrey argues that Michigan courts have held that "sharing" a controlled substance in a social setting can satisfy the delivery element. *See People v. Schultz*, 246 Mich. App. 695, 704 (2001). Jeffrey believes that the federal definition of "delivery" does not encompass sharing on social situations, but that is not true (at least in the Sixth Circuit). In *United States v. Clark*, the Sixth Circuit held that the defendant had distributed controlled substances when he divided drugs with his wife and

---

[1] "The Michigan statute defines 'delivery' as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship.' Mich. Comp. L. § 333.7105(1). Federal law defines 'delivery' as "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship.' 21 U.S.C. § 802(8). Because Jeffrey's state crimes of conviction are 'the same as, or narrower than, the relevant generic offense,' they were properly used as predicate offenses for the purposes of characterizing Jeffrey as a career offender under § 4B1.1 of the Sentencing Guidelines. Mathis, 136 S. Ct. at 2257.'" *Id.*

friends. 634 F.3d 874, 877 (6th Cir. 2011) ("We have held that an individual who shares drugs with a friend possesses the intent to distribute.").

**B.**

Second, Jeffrey argues that his state crime of conviction was broader than the analogous federal crime because "the Michigan State Courts have held that no knowledge of a particular substance is necessary to convict so long as he knew he was delivering a 'controlled substance' generally." Mot. Reopen at 10 (citing *People v. Zion*, 93 Mich. App. 576 (1979). The same is true under federal law. *See McFadden v. United States*, 135 S. Ct. 2298, 2304 (2015) ("That knowledge requirement may be met by showing that the defendant knew he possessed a substance listed on the schedules, even if he did not know which substance it was.").

**C.**

Finally, Jeffrey contends that his state crime of conviction was broader than the analogous federal crime because the Michigan crime of which he was convicted also criminalized delivery of "a prescription form, or a counterfeit prescription form." M.C.L. 333.7401(1) ("[A] person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form."). The analogous federal definition does not reference prescription forms (counterfeit or otherwise). But that difference is important only if 333.7401(1) involves alternative means, not alternative elements.

And the Sixth Circuit has held that the different offenses listed in 333.7401(1) are alternative elements. *See United States v. Tibbs*, 685 F. App'x 456, 463 (6th Cir. 2017), cert. denied, No. 17-5099, 2017 WL 2909378 (U.S. Oct. 2, 2017) ("[I]t appears that in Michigan, defendants are generally charged with a particular form of the various offenses listed in the statute—manufacture, creation, or delivery or possession with intent to manufacture, create, or

deliver a controlled substance, a prescription form, or a counterfeit prescription—and the act they are charged with becomes an element of the offense.") (citing *People v. Linton*, No. 328930, 2016 WL 7333422, at *2 (Mich. Ct. App. Dec. 15, 2016); *People v. Mass*, 464 Mich. 615, 626, 628 N.W.2d 540, 547 (2001); *People v. Wolfe*, 440 Mich. 508, 516, 489 N.W.2d 748, 752 (1992), amended (Oct. 9, 1992)). Petitioner has identified no Michigan law which holds that 333.4701(1) involves alternative means, not elements. Rather, because Michigan courts appear to require state prosecutors to charge a specific form of the various offenses listed in 333.4701(1), that section appears to contain alternative elements.

Because 333.4701(1) contains alternative elements, then the question becomes whether the particular element which Richardson was convicted of is broader than the generic offense in USSG § 4B1.2(b). As already explained, it is not. Thus, Jeffrey's challenges to the Court's February 27, 2017, order are without merit. The Court previously found that any appeal would be frivolous, and that conclusion has not changed. Jeffrey's motion for relief from the judgment under Rule 60(b) will be denied because he has not identified any new evidence, excusable neglect, or other reason which justifies relief.

**II.**

In his second motion, Jeffrey seeks correction of a clerical error in his presentence report. Jeffrey explains that his presentence report indicates that he was previously convicted of escaping from jail when in fact that charge was dropped and he was convicted only of assaulting a prison employee. He requests that the Court correct this error pursuant to Federal Rule of Criminal Procedure 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").

"Rule 36 is a vehicle for correcting clerical mistakes, but it may not be used to correct errors made by the court itself." *United States v. Gianfortuna*, No. 06-CR-20172, 2014 WL 4594820, at *2 (E.D. Mich. Sept. 15, 2014). "'A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)). *See also United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (explaining that Rule 36 did not apply because "the correction required more than substituting a right number for a wrong number"). Rule 36 cannot be relied upon to correct "'mistakes or omissions by the Court.'" *Id.* (quoting *Robinson*, 368 F.3d at 656).

In this case, the alleged error identified by Jeffrey is more than clerical. There is no reason to believe that the probation department intended to type "assault of prison employee" but instead typed "escape from jail through violence." To the contrary, the presentence report represents the probation department's conclusion that Jeffrey had served twelve months probation after being convicted of attempting to escape from jail. A determination of whether that conclusion was accurate would require an inquiry into the factual basis and legal record for Jeffrey's 1990 conviction. That kind of factual challenge to the presentence report is governed by Federal Rule of Criminal Procedure 32(f), which requires objections to be made within 14 days after receiving the presentence report. Jeffrey is not arguing that the probation department inadvertently mistyped a word or transposed a number. He is alleging that the probation department (and Court) stated an incorrect fact (that he was convicted of attempting to escape from jail). This error is "one of judgment or . . . misidentification" and so Rule 36 does not authorize relief. *Gianfortuna*, 2014 WL 4594820, at *2.

## III.

Accordingly, it is **ORDERED** that Petitioner Jeffrey's motion to reopen judgment, ECF No. 278, is **DENIED.**

It is further **ORDERED** that Jeffrey's motion to correct clerical error, ECF No. 277, is **DENIED.**

Dated: May 7, 2018                     s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 7, 2018.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager