UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                      Case No. 14-20427-1

v.                                                  Honorable Thomas L. Ludington

JOSEPH LAMONT JEFFERY,

           Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

On January 29, 2015, Defendant pled guilty to distribution of cocaine base or aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 127. He was sentenced to 140 months imprisonment. ECF No. 157. He is currently housed at United States Penitentiary, Leavenworth ("USP Leavenworth") in Kansas.

On April 30, 2020, Defendant moved pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 330. The motion was denied without prejudice for failure to exhaust administrative remedies. ECF No. 331. On August 3, 2020, Defendant moved for reconsideration of the order denying the motion. ECF No. 334. However, in light of Defendant's pro se status, this filing was construed as a renewed motion for compassionate release. ECF No. 340. A few days later, on November 24, 2020, Defendant filed another motion for compassionate release, though this motion was not docketed until December 14, 2020 due to mailing delays.[1] ECF No. 342. The Government finally responded on December 2, 2020. ECF No. 341. Defendant's motions for compassionate release raise substantially the same issues and will therefore be jointly resolved. For reasons stated below, the motions will be denied.

---

[1] Defendant also filed a series of letters on December 8, 9, and 28, 2020. ECF Nos. 343, 344, 345. Each letter has been considered to the extent that it offers relevant information regarding Defendant's situation.

**I.**

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for

compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On July 5, 2020, Defendant requested compassionate release from the BOP. ECF No. 334 at PageID.2262. His request was denied on July 29, 2020. ECF No. 341-2. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant moves for compassionate release on his own behalf, § 1B1.13 is "inapplicable," and [u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling,

such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See id.* at *2 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See United States v. Elias*, No. 20-3654, 2021 WL 50169, at *3 (6th Cir. Jan. 6, 2021). Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[2] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC

---

[2] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 2021 WL 50169, at *4 n.1.

guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at *4.

The Government concedes that Defendant suffers from several medical conditions, including hypertension and obesity. ECF No. 341 at PageID.2288. The CDC states that persons suffering from obesity are at an increased risk of developing COVID-19 complications. *See People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/SFP9-VWGM] (last visited Jan. 28, 2021). Similarly, persons suffering from hypertension "might" be at an increased risk. *Id.* While the situation at USP Leavenworth has improved,[3] the facility is still experiencing a COVID-19 outbreak, with five inmates and five staff members reporting active infections. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/HQ3Q-ZPQM] (last visited Jan. 28, 2021). Under these circumstances, Defendant has an extraordinary and compelling reason for release.[4]

## C.

As stated previously, there is no "applicable policy statement" in this case because Defendant, not the BOP, has moved for compassionate release. Consequently, step two of the § 3582(c)(1)(A) analysis is skipped, and the final issue is whether a sentence reduction is warranted by the applicable factors set forth in § 3553(a). *See Jones*, 980 F.3d at 1108. The factors are as follows:

---

[3] At least 734 inmates and five staff members at USP Leavenworth have recovered from COVID-19. *See COVID-19*, *supra*.
[4] Defendant's allegation that he contracted COVID-19 in September 2020 would not seem to preclude this finding. *See* ECF No. 342 at PageID.2338; *Jones*, 980 F.3d at 1102 n.6 (finding that extraordinary and compelling reasons may exist despite prior COVID-19 diagnosis where inmate "may suffer from serious long-term health problems and potentially [] require treatment that he cannot receive [in custody]").

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112.

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at *11 (internal quotations and citations omitted). Here, the two most pertinent factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed." 18 U.S.C. §§ 3553(a)(1)–(2). Both factors weigh against a sentence reduction.

Defendant's criminal history, as discussed in his Presentence Investigation Report ("PSR"), stretches back decades, beginning in 1988 when he was convicted of armed robbery and

felony firearm at the age of 18. After being paroled in 2000, Defendant was returned to custody in 2002 following two convictions for delivery of cocaine base. He was paroled in 2005 but later arrested for and convicted of delivery of a controlled substance in 2012. Defendant was still on probation when he made or facilitated several sales of cocaine base to a confidential informant between 2013 and 2014. Defendant was indicted for the sales and later pled guilty to the underlying offense: distribution of cocaine base or aiding and abetting the same. ECF No. 127.

With a projected release in June 2024, Defendant has a substantial portion of his 140-month sentence remaining. Based on the seriousness of the underlying offense, his record of reoffending,[5] and the substantial sentence remaining, Defendant's early release would undermine the need to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Defendant's completion of correctional programming, while commendable, does not outweigh the need for the sentence imposed. *See* ECF No. 343 at PageID.2344. Accordingly, despite his various medical conditions, Defendant is ineligible for compassionate release because the § 3553 factors do not support a sentence reduction.

## II.

Accordingly, it is **ORDERED** that Defendant's Motions for Compassionate Release, ECF Nos. 334, 342, are **DENIED**.

Dated: January 28, 2021   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[5] Additionally, the BOP has given Defendant a medium risk of recidivism. ECF No. 341-3

- 8 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Joseph Larmont Jeffery** #50227-039, LEAVENWORTH U.S. PENITENTIARY, Inmate Mail/Parcels, P.O. BOX 1000, LEAVENWORTH, KS 66048 by first class U.S. mail on January 28, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager