UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH LARMONT JEFFERY,

        Defendant.
_____/

Case No. 1:14-cr-20427-1

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR FINDING OF EXCUSABLE NEGLECT OR GOOD CAUSE**

This matter is before this Court following a limited remand from the Sixth Circuit Court of Appeals to determine whether Defendant has shown good cause or excusable neglect for filing his notice of appeal beyond the 14-day deadline. *United States v. Jeffery*, No. 21-1321, 2021 U.S. App. LEXIS 26204, at *3 (6th Cir. Aug. 30, 2021). For the reasons stated hereafter, this Court finds that Defendant had good cause for the untimely filing and, alternatively, that the untimely filing constituted excusable neglect. Accordingly, Defendant's Motion for Finding of Excusable Neglect or Good Cause, ECF No. 363, will be granted.

**I.**

On January 29, 2015, Defendant Joseph Larmont Jeffery pleaded guilty to distribution of cocaine base or aiding and abetting the same in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 21 U.S.C. § 2. ECF No. 127. He was sentenced to 140 months' imprisonment and three years' supervised release. ECF No. 157.

On November 24, 2020, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 342. This Court denied that motion on the merits. ECF No.

348. Defendant filed a notice of appeal, dated March 10, 2021. ECF No. 352. The notice was deemed filed on March 18, 2021.

On appeal, the Sixth Circuit directed Defendant to show cause why his appeal should not be dismissed as untimely. *See Jeffery*, 2021 U.S. App. LEXIS 26204, at *1 (noting that "[a]ny notice of appeal was due to be filed by February 11, 2021" (citing FED. R. APP. P. 4(b)(1)(A))). Defendant responded with a 28 U.S.C. § 1746 declaration "stating that he deposited the notice in the prison's mail system on March 10, 2021."[1] *Id.* at *2. Federal Rule of Appellate Procedure 4 authorizes the district court to "extend the time to file a notice of appeal" for up to 30 days "[u]pon a finding of excusable neglect or good cause." FED. R. APP. P. 4(b)(4). Thus, the Sixth Circuit construed Defendant's notice of appeal as a Rule 4(b)(4) motion for an extension and then remanded the case "for the limited purpose of allowing [this Court] to determine whether [Defendant] can show excusable neglect or good cause warranting an extension of the appeal period." *Jeffery*, 2021 U.S. App. LEXIS 26204, at *3.

Shortly after remand, Defendant filed a motion asking this Court to find that the notice of appeal was timely because of excusable neglect or good cause. ECF No. 363. Defendant's Motion has since been fully briefed by the parties. *See* ECF Nos. 365; 369.

## II.

As mentioned previously, this Court may extend the time for filing a notice of appeal for up to 30 days "upon a finding of excusable neglect or good cause." FED. R. APP. P. 4(b)(4). The excusable-neglect determination is "at bottom an equitable one." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In deciding whether a delayed filing was

---

[1] Defendant is confined at Federal Correctional Institute, Milan ("FCI Milan") and therefore benefits from the prison-mailbox rule. *See* FED. R. APP. P. 4(c).

the result of excusable neglect, courts must consider "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (citing *Pioneer*, 507 U.S. at 395).

By contrast, the good-cause standard "applies in situations in which there is no fault—excusable or otherwise." *See* FED. R. APP. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendment. Accordingly, "[g]ood cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).

### III.

### A.

Having carefully reviewed the parties' briefing, this Court finds that good cause exists to extend the appeal period given Defendant's limited access to the law library and other resources.

Defendant states that, at the time he was preparing his notice of appeal, FCI Milan was operating under a partial lockdown in response to the COVID-19 pandemic. ECF No. 363 at PageID.2436–37. As a result, Defendant, and the other inmates in his housing unit, had only one hour per day to access the law library and consult with the prison's "law clerks." *Id.* Defendant also claims that other inmates wrongly informed him that he would need to submit an appellate brief with his notice of appeal. *See id.* at PageID.2437. Defendant thus concludes that the untimely filing was largely the result of COVID-19 restrictions and misinformation. *Id.*

The Government rejects Defendant's explanation. The Government argues that one hour each day "[would] appear[] to provide ample opportunity to consult with the 'inmate law clerks' and submit a standard notice of appeal." ECF No. 365 at PageID.2459. But, as Defendant notes,

*he* was not free to spend one hour in the library each day; rather, his *housing unit* was. *See* ECF No. 369 at PageID.2469–70. On some days, Defendant could not visit the library because of conflicting work assignments. *Id.* And in other instances, the two "law clerks" were required to be elsewhere in the facility. *Id.*

It is well-known by now—over a year into the pandemic—that the robust COVID-19 precautions observed at prisons throughout the country have made *pro se* representation more challenging. Thus, punishing Defendant for complying with the prison's COVID-19 precautions is neither fair nor just. Accordingly, this Court finds that Defendant had good cause for filing his notice of appeal 27 days late.

**B.**

Even if Defendant were at fault, his neglect would be excusable. All the *Pioneer* factors weigh in Defendant's favor: there is no apparent prejudice to the Government; the delay in question is less than 30 days; the delay has had little if any impact on the proceedings; Defendant has proffered a legitimate excuse for the delay; and, by all appearances, Defendant was acting in good faith. *See Jinks*, 250 F.3d at 386 (identifying the five *Pioneer* factors). Furthermore, other courts have found similar pandemic-related neglect to be excusable. *See, e.g.*, *White v. Garman*, No. CV 19-5406, 2021 WL 2939938, at *2 (E.D. Pa. July 13, 2021) (excusing untimely notice of appeal filed by *pro se* prisoner because of COVID-19 restrictions); *United States v. Washington*, No. 3:15-CR-00104-SLG, 2020 WL 7643098, at *1 (D. Alaska Dec. 23, 2020) (same).

The Government argues, citing *Pioneer*, that Defendant's limited understanding of the law does not constitute excusable neglect. *See* ECF No. 365 at PageID.2460 (citing *Pioneer*, 507 U.S. at 392). But Defendant's argument is not premised solely on his limited understanding of the law.

Moreover, the Government's citation to *Pioneer* is unconvincing, given its refusal to address any of the five *Pioneer* factors.

Therefore, this Court finds that Defendant's neglect in filing his notice of appeal 27 days late is excusable.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Finding of Excusable Neglect or Good Cause, ECF No. 363, is **GRANTED**. Defendant has shown good cause and, alternatively, excusable neglect for extending the appeal period. Therefore, Defendant's notice of appeal was filed timely under Federal Rule of Appellate Procedure 4.

Dated: October 14, 2021                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge